CHARLES A. GETTO, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO *et al.*, Defendants.—(IOWA-ILLINOIS GAS & ELECTRIC COMPANY *et al.*, Defendants-Appellants.)

First District (2nd Division)    No. 80-2257

Opinion filed January 27, 1981.

Schiff, Hardin & Waite, of Chicago (William T. Hart, Owen E. MacBride, and Scott Bieber, of counsel), for appellant Illinois Power Company.

William H. Dailey, of Califf, Harper, Fox & Dailey, of Moline, and Peter B. Freeman, Garland H. Allen, and Peter F. Lovato, all of Hopkins, Sutter, Mulroy, Davis & Cromartie, of Chicago, for appellant Iowa-Illinois Gas & Electric Company.

Defrees & Fiske, of Chicago (Edward J. Griffin and John M. Cregor, Jr., of counsel), for appellant Central Illinois Light Company.

Sidney Z. Karasik and Leonard E. Handmacher, both of Chicago, for appellee.

Mr. JUSTICE DOWNING delivered the opinion of the court:

We granted interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1979, ch. 110A, par. 308). It arises from the trial court's denial of a motion made jointly by numerous municipal corporations to dismiss due to improper venue and the trial court's overruling of objections to venue made by several utility companies. The suit itself is a class action brought to recover excessive charges allegedly collected from the customers of the defendant utilities by the defendant municipalities.

The question of law certified by the trial court as the basis for this Rule 308 appeal is:

> "Whether Section 7(1) of the Illinois Civil Practice Act [Ill. Rev. Stat. 1979, ch. 110, par. 7(1)] controls, and requires transfer of, venue respecting multiple municipal and public corporations whose principal offices are located in foreign counties when said corporations are joined in good faith in a single Cook County action with other municipal and public corporations for which Cook County is the appropriate venue."

The Illinois Municipal Code authorizes municipalities to levy a tax on

the "gross receipts" of public utilities. (Ill. Rev. Stat. 1979, ch. 24, par. 8—11—2(3).) Pursuant to this provision, defendant City of Chicago enacted an ordinance imposing such a tax upon defendant Commonwealth Edison Company (Com Ed). (Chicago Municipal Code §132—17 (1977).) Utilities which are so taxed are authorized by the Public Utilities Act to recover the amounts paid for those taxes and associated fees from their customers. Ill. Rev. Stat. 1979, ch. 111 2/3, par. 36(a).

Plaintiff Getto is one such customer. He originally filed this class action suit in Cook County as a representative member of the class of all residents of Chicago who were customers of Com Ed. The complaint alleged that Chicago and Com Ed had misconstrued the term "gross receipts" found in the State statute and city ordinance and were thereby effectively collecting taxes not only on the "income" of the utility but also on the amounts which the utility collected from its customers to offset the tax. In other words, Chicago through Com Ed has levied a tax upon a tax.[1]

Plaintiff twice amended and supplemented his complaint. He first added count II, alleging that the same wrong had been perpetrated through Com Ed by 83 other municipalities located both within and without Cook County. Plaintiff's second amended and supplemental complaint contained count III, which added as defendants nine other public utilites from the "downstate" region.[2] The complaint alleged that these companies had improperly assessed excessive amounts upon their customers in response to various municipal tax ordinances. None of the ordinance-enacting municipalities involved therein are yet parties to the action. Plaintiff is neither a customer of any of these nine utilities, nor is he a resident of any municipality other than initial defendant Chicago. None of the nine companies do any business relevant to this suit in Cook County.

■■ The three appellant utilities and the non-Cook County municipalities added in count II made separate timely motions concerning, among other things, the propriety of Cook County venue as to them, in light of section 7(1) of the Civil Practice Act. The trial court, as relevant to this appeal, denied the municipalities' motion for dismissal based upon venue considerations. The court also overruled the utilities' objections to venue. Because the trial court believed that a question of law over which there was a substantial ground for a difference of opinion arose from the first ruling, it certified the question recited above for interlocutory review pursuant to

---

[1] A similar suit against Chicago and Illinois Bell Telephone was filed by plaintiff. In *Getto v. City of Chicago* (1979), 77 Ill. 2d 346, 396 N.E.2d 544, the supreme court agreed with plaintiff's allegations and held that Chicago's construction of the term "gross receipts" was erroneous and that it had collected excess taxes from the utility and thereby from Bell's customers.

[2] Among these nine utilities are appellants Illinois Power Company, Central Illinois Light Company, and Iowa-Illinois Gas & Electric Company.

Rule 308. This court granted the applications for appeal made by the utilities.

## I.

■■ The terms of Rule 308 provide an exception to the general rule that appeal may be taken only from final judgments of the circuit court. (Ill. Rev. Stat. 1979, ch. 110A, par. 301.) The supreme court has indicated that such appeals are to be allowed only in certain "exceptional" circumstances. (See *People ex rel. Mosley v. Carey* (1979), 74 Ill. 2d 527, 538, 387 N.E.2d 325, *cert. denied* (1979), 444 U.S. 940, 62 L. Ed. 2d 306, 100 S. Ct. 292.) Thus, Rule 308 should be strictly construed and sparingly exercised. An appeal thereunder should be limited to the question certified by the trial court. Since all review by this court is limited by supreme court rule to final orders and certain interlocutory orders specified in those rules, a matter of jurisdiction is involved. This court should not expand upon the questions properly brought before us by the trial court in order to answer others which could have been included. *Potter v. Chicago Heights Motor Freight, Inc.* (1979), 78 Ill. App. 3d 676, 683, 396 N.E.2d 1366.

Set forth above is the precise phraseology used by the trial court in identifying the question of law we are asked to review. We find it necessary, in light of the just noted strictures upon Rule 308 appeals, to undertake a careful analysis of the question's language in order to assure that our review powers are stringently utilized and narrowly focused.

Initially, we note that the trial court, for whatever reason, narrowed the issue presented here to that part of its order dealing with the motion filed by the "multiple *municipal and public* corporations whose principal offices are located in foreign counties." (Emphasis added.) It is evident that the appellant utility companies are neither municipal nor public corporations.[3] Thus, by the terms of the question certified, we are not presently concerned with that part of the trial court's order which dealt with the venue objections raised by the utilities. The instant appeal is also not concerned with the trial court's oral findings, not contained in any written order, that the nine utility companies named as defendants in count III were properly joined in this action.[4]

Further, it is apparent that the trial court focused the question

---

[3] Public and municipal corporations are called into being at the pleasure of the State and are established exclusively for public purposes connected with the administration of local government. Corporations are public only where the whole interest is exclusively the property and domain of the government itself. States, counties and municipalities are examples of public corporations. (See 1 Dillon, Law of Municipal Corporations §92 (5th ed. 1911); also *Washingtonian Home v. City of Chicago* (1895), 157 Ill. 414, 423, 41 N.E. 893.) Thus, the utilities cannot come within the parameters of the certified question.

[4] The trial court also discussed orally, but made no written findings, upon (1) the propriety of the class action as to counts II and III and (2) the question of the status of the unnamed municipalities related to count III as necessary parties.

presented upon those municipal and public corporations which were "joined * * * in [this] single Cook County action."[5] Only the municipalities named as defendants in counts I and II which are served by and which levy a tax upon Com Ed fall within this grouping.

■■ Thus, the scope of the question to be reviewed here is narrowly focused. It concerns whether section 7(1) of the Civil Practice Act requires the transfer of venue for those municipal corporations which are named as defendants in count II, are located outside of Cook County, and are served by and tax Com Ed. Principles of standing limit parties to contesting those rulings which adversely affect their interest. (*Buehler v. Whalen* (1976), 41 Ill. App. 3d 446, 461, 355 N.E.2d 99, *aff'd* (1977), 70 Ill. 2d 51, 374 N.E.2d 460.) We therefore conclude that only those entities named in count II which are located outside of Cook County have the proper standing to raise and argue this issue at the present stage of the proceedings.

It is precisely this conclusion which controls our disposition of this appeal. We note first that it was the three appellant utilities which made the trial-level motion for certification of the question for appeal. The 26 municipalities,[6] which would have standing to argue the issue of this appeal, filed a motion *in opposition* to the motion for certification, which was denied. Thereafter, the municipalities together filed what was termed an "application for interlocutory appeal by permission." Therein, purportedly pursuant to Rule 308, the applicants asked this court "in the event this Court grants an Application for Interlocutory Appeal that we anticipate will be filed by other parties, then we request that these twenty-six municipalities be granted *leave to participate* in the Interlocutory Appeal." (Emphasis added.) This court entered an order in response to all applications filed. We granted leave to appeal to the three utilities. We separately granted the 26 municipalities "leave to participate in said interlocutory appeal," as requested.

Subsequently, the three appellant utilities filed appellant's briefs with this court. The municipalities, on the other hand, filed a single "motion to adopt co-appellants' briefs."[7] Therein, the movants stated that "if based on the briefs already filed the Court determines that venue is improper,

---

[5] The trial court stated, "[h]ence, I find the municipalities [already] joined as defendants in this suit are indispensable parties."

[6] They are: City of Alton, Village of Burr Ridge, City of Cairo, Village of Carol Stream, Village of Carpentersville, City of Champaign, City of Darien, City of Decatur, City of East Moline, Village of Fox River Grove, Village of Glen Ellyn, Village of Highland Park, Village of Hinsdale, City of Lake Forest, Village of Lincolnshire, Village of Lisle, Village of Maryville, City of Mound City, City of Naperville, Town of Normal, City of Silvis, Village of Sleepy Hollow, Village of Vernon Hills, Village of Winfield, Village of Winthrop Harbor, Village of Wood Dale.

[7] At oral argument, no attorneys representing the municipalities appeared to give argument.

we request that the Appellant Municipalities * * * *be included as parties in that Order.*" (Emphasis added.) This court granted this motion to adopt.

■■ Our analysis of the argument presented in the "adopted" briefs with regard to section 7(1) indicates that those assertions do not directly address the issue before us. The "adopted" brief of Iowa-Illinois Gas argues the section 7(1) question in relation to itself and the entities it serves. The brief states that, in ruling on the applicability of section 7(1), "the Circuit Court overlooked the fact that none of the municipal corporations with offices outside of Cook County is indispensable to the original action * * * and none of the Municipalities is served by Edison." Iowa-Illinois Gas thus concludes that "the objections to venue interposed by Iowa-Illinois and the municipal corporations *in which it provides electric service* should have been sustained." (Emphasis added.) The "adopted" brief of Central Illinois Light focuses its discussion upon "municipalities taxing [that utility]." None of these municipalities is a party to this suit at this time. Nothing in the trial court's ruling concerning section 7(1) involved these municipal corporations. Thus, the "adopted" briefs do not present argument on the precise question which we have identified above for review. The 26 municipalities seek to "participate" without argument. Faced with a total absence of relevant discussion by the proper parties to the proceeding upon the specific issue presented, we have no alternative but to dismiss the appeal.

■■ Additionally, we conclude that the municipalities are not vested with the status of appellants in any event. After careful consideration of all the attending circumstances, we find that they have failed to demonstrate sufficient concern with the outcome of the appeal to allow them to be viewed as active parties to this proceeding. Their mere requests to "participate" and to be "included" in any favorable resolution of the appeal, coupled with their failure to file an adequate brief in argument of their position, persuade this court to avoid reaching the merits of the appeal on the municipalities' behalf. In the absence of any other appellant with standing to argue the question presented, we believe that the proper course is to maintain the policy of Rule 308 that it be sparingly exercised and be made available for only exceptional cases. We therefore dismiss this appeal.[8]

For the above reasons, this appeal is dismissed.

Appeal dismissed.

HARTMAN, P. J., and PERLIN, J., concur.

---

[8] We do not believe that this result is harsh. The merits of the venue ruling by the trial court were not addressed and thus may be raised on later proper appeal, should the need arise. Additionally, we find that the make-up of the proceeding below, involving some weighty class action questions which have yet to be decided, may render the present issue moot. We note in class action suits the statute mandates that the question of whether the suit may be maintained as such an action shall be resolved as soon as practicable after commencement. Ill. Rev. Stat. 1979, ch. 110, par. 57.3(a).