CHARLES A. GETTO, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO *et al.,* Defendants.—(Commonwealth Edison Company, Defendant-Appellant.)

First District (1st Division)  No. 81—1792

Opinion filed September 20, 1982.

Richard G. Ferguson, Laurence D. Lasky, and Paul W. Schroeder, all of Isham, Lincoln & Beale, of Chicago, for appellant.

Sidney Z. Karasik and Leonard E. Handmacher, both of Chicago, for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Defendant, Commonwealth Edison, brings this interlocutory appeal from an order of the circuit court of Cook County which required defendant to remit to a court-appointed trustee *pendente lite* the estimated amount of alleged municipal utility tax overcharges which plaintiff and class members claim were unlawfully assessed and collected by defendant. On appeal, defendant raises the following issues: (1) whether the court's order requiring defendant to "turn-over" to a trustee the estimated amount of alleged municipal utility tax overcharges is permissible under Illinois law; and (2) whether the court's "turn-over" order deprived defendant of its property without due process of law.

This action is a class action which plaintiff, Charles A. Getto, has brought against the City of Chicago and Commonwealth Edison which provides electricity to residents of the City. In addition to this action, plaintiff also brought a similar suit against the City and Illinois Bell Telephone Company. The action involving Illinois Bell has been before the Illinois Supreme Court twice on interlocutory appeals. (*Getto v. City of Chicago* (1979), 77 Ill. 2d 346, 396 N.E.2d 544 (*Getto I*); *Getto v. City of Chicago* (1981), 86 Ill. 2d 39, 426 N.E.2d 844, *cert denied* (1982), 456 U.S. 946, 72 L. Ed. 2d 468, 102 S. Ct. 2012 (*Getto II*).) This court dismissed an interlocutory appeal brought by non-Cook County municipalities and public utilities which were named as defendants in amendments to the complaint involved in the instant action, but which are not parties to the present appeal. *Getto v. City of Chicago* (1981), 92 Ill. App. 3d 1045, 416 N.E.2d 1110.

In December 1978, plaintiff "individually and on behalf of all persons similarly situated" filed this action against the City of Chicago and Commonwealth Edison (Edison) in which plaintiff challenged the method utilized by defendants in calculating the City's municipal utility tax (MUT). Pursuant to section 8—11—2(3) of the Illinois Municipal Code, a municipality may tax "[p]ersons engaged in the business of distributing, supplying, furnishing, or selling electricity for use or consumption within the corporate limits of the municipality, and not for resale, at a rate not to exceed 5% of the gross receipts there-

from." (Ill. Rev. Stat. 1975, ch. 24, par. 8—11—2(3).) Pursuant to this statute, the City imposed a 4% tax upon the gross receipts of Edison. (City of Chicago Municipal Code, section 132—16 *et seq.*) Section 36(a) of the Public Utilities Act authorized Edison to charge its customers "an amount equal to such municipal tax *** [and] 3% of such tax *** to cover costs of accounting." (Ill. Rev. Stat. 1975, ch. 111²/₃, par. 36(a).) Plaintiff alleged that the City and Edison included in their determination of Edison's gross receipts an amount which included the municipal tax itself and the 3% accounting charges authorized by section 36(a). The complaint alleged that the method used to determine the amount of the tax resulted in the imposition of an unlawful tax upon a tax. Plaintiff, for himself and the class members, sought, *inter alia*, a declaration that the portion of the MUT collected in excess of the gross receipts base be declared unlawful, an injunction prohibiting the collection of excess MUT and accounting charges by Edison, and a refund to Edison customers of the excess MUT accounting charges which were improperly assessed.

In March 1979, plaintiff requested the creation of a special protest fund into which Edison was to pay the MUT which it collected in excess of its gross receipts, together with the accounting charges attributable to the excess tax. In October 1979, the court ordered the creation of a special protest fund into which Edison was directed to pay all excessive taxes and charges which it collected from its customers. Edison made payments to this fund, which payments apparently consisted of amounts which Edison collected from its customers in the billing periods subsequent to the date of the court's order. In June 1981, the court granted plaintiff's motion for a "turn-over" order. This "turn-over" order directed Edison to pay into the special protest fund all monies collected by Edison from its City customers since December 12, 1968, as overcharges for the City's MUT and for Edison's accounting charge. According to Edison, this amount is approximately $8,000,000. It is from this "turn-over" order that Edison brings this interlocutory appeal pursuant to Supreme Court Rule 307(a). 73 Ill. 2d R. 307(a).

At the outset, we note that the Illinois Supreme Court in *Getto II* upheld a similar "turn-over" order entered against Illinois Bell. In discussing the "turn-over" order, the supreme court stated:

"Bell also argues that the circuit court erred in ordering Bell to turn over to the trustee all overcharges collected by it since July 18, 1967, which have not already been deposited by the city of Chicago in the special protest fund created by order of the circuit court. Bell argues that, since it has already remitted

those tax monies to the city, this court should order that the city and not Bell is responsible for all excess payments, including those made beginning in July 1967. That obviously would be improper. No determination whatever has been made as to liability for overcharges. Since the plaintiffs paid excess charges directly to Bell, we consider that the court did not abuse discretion in ordering Bell to deposit the amounts of overcharges with the trustee, excepting those excess charges already deposited with the trustee by the city pursuant to the court's order. This order did not represent any determination of liability by the circuit court." (86 Ill. 2d 39, 55, 426 N.E.2d 844, 852, *cert. denied* (1982), 456 U.S. 946, 72 L. Ed. 2d 468, 102 S. Ct. 2012.)

Edison argues that the instant case is distinguishable from the Illinois Bell action because of numerous factual issues which are unique to this cause and, therefore, *Getto II* is not dispositive of the present appeal. Edison urges that the trial court's order cannot stand as a final judgment on the merits, that the order cannot be upheld as a valid prejudgment attachment of Edison's property and that the order cannot be upheld as a valid exercise of the court's equitable jurisdiction. Edison maintains that the supreme court in *Getto II* did not consider the trial court's authority to enter the "turn-over" order, nor did it consider whether the order was permissible under the due process clause. Edison also contends that Illinois Bell, more or less, acquiesced to the entry of a "turn-over" order against it.

Edison has advanced numerous arguments in its attempt to vacate the "turn-over" order. In addition, both parties have called our attention to the fact that Edison filed an *amicus curiae* brief in *Getto II* where it appears that similar arguments to those raised here were considered. We have considered the arguments raised by Edison in this case and do not feel that a detailed discussion would alter the outcome of this case in light of the language employed by the Illinois Supreme Court in *Getto II*. We are not persuaded by Edison's attempts to distinguish the decision in *Getto II* and view *Getto II* to be controlling. We hold that the trial court did not abuse its discretion in entering the "turn-over" order against Edison.

Accordingly, the order of the circuit court of Cook County is affirmed and this cause is remanded for further proceedings.

Order affirmed; caused remanded.

McGLOON and GOLDBERG, JJ., concur.