ALTHEA BROWN *et al.*, Plaintiffs-Appellants, v. MICHAEL REESE HEALTH PLAN, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 85—2637

Opinion filed December 22, 1986.

Leo M. Gleiman, P.C., of Chicago (David A. Novoselsky, of counsel), for appellants.

Cassiday, Schade & Gloor, of Chicago (Michael J. Morrissey and Jean M. Buckley, of counsel), for appellee Michael Reese Health Plan, Inc.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Althea Brown, filed a complaint against defendants, Michael Reese Health Plan, Inc., and Dr. Paul Ross, seeking recovery for medical malpractice for a failed tubal ligation and for damages for the continuing medical care of Bernard Brown, Jr., the minor plaintiff

born prematurely following the failed tubal ligation. Michael Reese Health Plan, Inc., filed a motion to dismiss based upon the Voluntary Health Services Plans Act (Act) (Ill. Rev. Stat. 1983, ch. 32, par. 595, *et seq.*), which provides an exemption from liability for voluntary health services plan corporations. The trial court granted the motion to dismiss as to Michael Reese Health Plan, Inc., only, and plaintiff now appeals contending that the statutory grant of immunity is unconstitutional.

Plaintiff does not contest the applicability of the grant of immunity provided in the Voluntary Health Services Plans Act to the defendant health plan. The only issue before this court, therefore, is whether the grant of immunity provided for defendant in the Voluntary Health Services Plans Act is constitutional on its face. The language of the statutory grant of immunity is as follows:

"A health services plan corporation shall not be liable for injuries resulting from negligence, misfeasance, malfeasance, nonfeasance or malpractice on the part of any officer or employee of the corporation, or on the part of any person, organization, agency or corporation rendering health services to the health services plan corporation's subscribers or beneficiaries." Ill. Rev. Stat. 1983, ch. 32, par. 620.

Plaintiff challenges the grant of immunity provided in the statute as a violation of the equal protection clause of both the Federal Constitution (U.S. Const., amend XIV) and Illinois Constitution (Ill. Const. 1970, art. 1, sec. 2) and as a violation of the special legislation clause of the Illinois Constitution (Ill. Const. 1970, art. 4, sec. 13). Plaintiff argues that the classification granting immunity from liability to voluntary health services plans is arbitrary and without a reasonable basis and has no rational basis upon which to distinguish it from other health care providers.

We initially address plaintiff's equal protection challenges. The equal protection clause of both the Federal and State constitutions requires equality between groups that are similarly situated. It does not, however, deny a State the right to treat different classes of persons differently. (*People v. Mathey* (1983), 99 Ill. 2d 292, 458 N.E.2d 499.) In determining whether a classification violates the equal protection clause, the analysis begins with the presumption that the classification is valid. (*People v. Bales* (1985), 108 Ill. 2d 182, 483 N.E.2d 517.) The party challenging the classification has the burden of proving its unconstitutionality and must specifically set forth in the complaint facts upon which to rebut the presumption of constitutionality. (*People v. McCabe* (1971), 49 Ill. 2d 338, 275 N.E.2d 407; *Illinois Pure*

*Water Committee, Inc. v. Yoder* (1972), 6 Ill. App. 3d 659, 286 N.E.2d 155.) Legislation which does not create a suspect classification or infringe upon a fundamental right, but rather involves economic and social welfare policy will be upheld against equal protection challenges if it is rationally related to the achievement of a legitimate State interest. *Illinois Housing Development Authority v. Van Meter* (1980), 82 Ill. 2d 116, 412 N.E.2d 151.

■ Applying these principles to the case at bar, we do not find plaintiffs have sustained their burden of showing that the classification is unrelated to a legitimate governmental interest. Voluntary health services plans are medical care delivery systems through which medical, hospital, nursing, and related health services are rendered to a subscriber or beneficiary. Generally, the plans ensure the availability of health services for a subscriber population by utilizing a prepayment method of financing and a group—practice mode for delivery of services. See generally Note, *The Role of Prepaid Group Practice in Relieving the Medical Care Crisis*, 84 Harv. L. Rev. 887 (1971).

The Voluntary Health Services Plans Act (Ill. Rev. Stat. 1983, ch. 32, par. 595, *et seq.*) sets forth the narrow qualifications an organization must comply with in order to fall within the immunity provision. The health services are rendered to a subscriber at the expense of the health plan corporation. (Ill. Rev. Stat. 1983, ch. 32, par. 596(b).) Thirty percent of the trustees of the health plan corporation are physicians licensed to practice in Illinois. (Ill. Rev. Stat. 1983, ch. 32, par. 599.) The plan must file a schedule of rates with the Director of Insurance for approval. (Ill. Rev. Stat. 1983, ch. 32, par. 606.) The Act limits expenditures for administrative and advertising expenses (Ill. Rev. Stat. 1983, ch. 32, pars. 612, 613) and exempts health plan corporations from taxes and license fees (Ill. Rev. Stat. 1983, ch. 32, par. 621). Voluntary health services plans maintain a not-for-profit status. (Ill. Rev. Stat. 1983, ch. 32, par. 621.) The corporation is prohibited from restricting physicians regarding their methods of diagnosis or treatment, and the physician-patient relationship is preserved. (Ill. Rev. Stat. 1983, ch. 32, par. 601.) Contrary to plaintiff's assertions, the statute does not provide immunity to officers, doctors, employees, or any person providing services to subscribers or beneficiaries, but only provides immunity to the corporation organized under the Act.

From our reading of these provisions of the Voluntary Health Services Plans Act, we believe the legislature has clearly carved out a separate and distinct classification of health care providers. The voluntary health services plan is distinguishable from other health care providers because they serve the unique function of both insurer and

health care provider. The health services plan is regulated by the Department of Insurance and governed by specific legislative requirements, unlike other, unregulated health care providers. In our opinion, this unique organizational structure and regulation of the voluntary health services plan corporation provides a rational basis for immunizing the defendant corporation in the instant case, and the trial court properly dismissed Michael Reese Health Plan, Inc., as a party defendant.

■ Plaintiff also asserts that the statute providing for the grant of immunity violates the Illinois constitutional prohibition against special legislation (Ill. Const., art. 4, sec. 13). Courts considering special legislation challenges employ the same test used in equal protection challenges, namely, whether the classification bears a rational relationship to a valid purpose. (*Wilson v. All-Steel, Inc.* (1981), 87 Ill. 2d 28, 428 N.E.2d 489.) As outlined above, we find that the unique organizational structure and regulation of the voluntary health services plan provides a rational basis for providing it a grant of immunity from liability which is denied other health care providers.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

QUINLAN, P.J., and O'CONNOR, J., concur.