126

LOUISE JOLLY, Indiv. and as Adm'r of the Estate of William Jolly, Deceased, Plaintiff-Appellant, v. MICHAEL REESE HEALTH PLAN FOUNDATION, f/k/a Michael Reese Health Plan, Defendant-Appellee (Arnulfo V. Vieglo *et al.*, Defendants).

First District (1st Division)   Nos. 1—89—1455, 1—90—1119 cons.

Opinion filed January 27, 1992.

Hayes & Power, of Chicago (Larry R. Rogers, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin, M.J. Yardley, and Diane I. Jennings, of counsel), for appellee.

JUSTICE MANNING delivered the opinion of the court:

Plaintiff, Louise Jolly, filed a medical malpractice action individually and as administrator of the estate of her deceased husband, William Jolly, against Myles Standish, Drs. Richard Gainey and Arnulfo Vieglo and the Michael Reese Health Plan, Inc. (hereinafter MRHP), which was incorporated under the Voluntary Health Services Plans Act (hereinafter VHSPA) (Ill. Rev. Stat. 1983, ch. 32, par. 595). MRHP filed a motion to dismiss pursuant to section 26 of the statute, and the court granted defendant's motion, holding that pursuant to section 26 of the statute MRHP was immune from liability. The court also held that there was no just cause to delay enforcement or appeal of its order.

In August 1988, the General Assembly amended the VHSPA. (Ill. Rev. Stat., 1988 Supp., ch. 32, par. 620.) The amendment removed the statutory immunity that was previously granted to health care providers incorporated under the VHSPA. Plaintiff's action was pending at the time that the statute was amended, and the trial court's ruling in favor of defendant was based on the prior statute.

Plaintiff argues on appeal that: (1) the trial court erred in relying upon the immunity clause in the VHSPA at the time it granted defendant's motion to dismiss; (2) defendant did not meet the statutory requirements under the VHSPA sufficient to entitle it to immunity; and (3) the trial court's grant of immunity to defendant violates the special legislation and equal protection provisions of the constitution of the State of Illinois.

From November 1984 through January 1988, plaintiff's decedent, William Jolly, was treated by Dr. Vieglo for peptic ulcer disease at MRHP facility. According to plaintiff's complaint, decedent was also treated once by physician's assistant Standish on May 14, 1985, and once by Dr. Gainey on December 12, 1985. On February 10, 1988, decedent underwent an endoscopy and biopsy, after which gastric cancer was discovered. Decedent died on October 7, 1988.

Plaintiff, as administrator of decedent's estate, filed a three-count complaint against defendant, the doctors and the assistant alleging that during the period of time that decedent was treated by physicians at MRHP he actually suffered from gastric cancer, and that the treating physicians failed to properly diagnose his illness. Plaintiff alleged that, as a proximate result of defendants' negligent acts, decedent suffered permanent injuries and ultimately died. Plaintiff amended her complaint to also allege a wrongful death count.

Plaintiff's initial complaint was filed on July 5, 1988. On August 30, 1988, the Illinois General Assembly amended the immunity clause of the VHSPA, preserving immunity only to those health service plan corporations that were incorporated prior to January 1, 1965. MRHP was incorporated under the VHSPA on October 13, 1972. MRHP was also federally qualified as a health maintenance organization (hereinafter HMO) on April 17, 1978.

On August 24, 1988, defendant filed a motion to dismiss plaintiff's complaint. Defendant asserted that pursuant to section 26 of the VHSPA it was not liable for medical malpractice of employees and health care providers. Plaintiff filed its response to that motion on January 20, 1989. Plaintiff argued that defendant should be denied exemption because it failed to comply with statutory requirements, and that the protection granted by the VHSPA was inapplicable because defendant was acting as an HMO and not as a health services plan corporation. The statute was amended with an effective date of August 24, 1988. The amendment provided that only health services plan corporations incorporated prior to 1965 were entitled to immunity. On May 11, 1989, after hearing arguments, the court granted defendant's motion.

Plaintiff first argues that the trial court erred in relying on the immunity clause of the VHSPA in granting defendant's motion to dismiss. Specifically, plaintiff contends that at the effective date of the amendment to section 26 of the VHSPA, her case was pending and that under Illinois law the court should have applied the law in effect at the time of the decision. *General Telephone Co. v. Johnson*

(1984), 103 Ill. 2d 363, 469 N.E.2d 1067.

■ In *Moshe v. Anchor Organization for Health Maintenance* (1990), 199 Ill. App. 3d 585, 602, 557 N.E.2d 451, *appeal denied* (1990), 133 Ill. 2d 559, 561 N.E.2d 698, the court held that the statutory amendment to section 26 which took away immunity from health service organizations incorporated under the VHSPA cannot be afforded retroactive application. In *Moshe* plaintiff brought a medical malpractice action on behalf of her minor son against several physicians and Anchor Health Maintenance Organization. The complaint alleged that the doctors were negligent in failing to diagnose that the minor had ketoacidosis and in failing to hospitalize and observe the minor.

Anchor filed a motion to dismiss on the ground that it was a health service plan corporation organized and chartered under the VHSPA, and thus statutorily exempt from malpractice liability. Plaintiff argued that there was a question of fact as to whether Anchor was operating as an HMO, in which case the immunity did not apply, or whether it was providing services as a Voluntary Health Services Plans Act corporation. Plaintiff also argued that there were factual issues of whether Anchor had properly regulated physician care or otherwise violated the "unique organizational structure" required under the statute, thereby relinquishing its right to insulation from liability. Anchor countered that it had at all times during its operations been subject to supervision by the Illinois Director of Insurance, and that its charter had never been revoked. After hearing arguments and reviewing the Voluntary Health Services Plans Act and relevant case law, the court granted Anchor's motion.

Plaintiff appealed the decision, during which time the Voluntary Health Services Plans Act was amended. The amendment provided:

"A health services plan corporation incorporated prior to January 1, 1965, operated on a not for profit basis, and neither owned [n]or controlled by a hospital shall not be liable for injuries resulting from negligence, misfeasance, malfeasance, nonfeasance or malpractice on the part of any officer or employee of the corporation, or on the part of any person, organization, agency or corporation rendering health services to the health services plan corporation's subscribers and beneficiaries." Ill. Rev. Stat., 1988 Supp., ch. 32, par. 620.

Plaintiff subsequently submitted a reply brief in which she argued that based on the statutory amendment, Anchor no longer was entitled to immunity. The appellate court, after extensive com-

ment on the legislative history of the amendment, held that the presumption of prospectivity was not rebutted, and that the immunity provision, as amended, could not be afforded retroactive application. *Moshe*, 199 Ill. App. 3d at 602.

The facts in *Moshe* are similar to the facts in the instant case. In *Moshe*, plaintiff's appeal was pending on appeal when the statute was amended, and in the instant case, plaintiff's cause was pending in the trial court when the statute was amended. Therefore, we find *Moshe* persuasive and hold that the amendatory act does not preempt defendant's immunity.

■ Plaintiff next argues that even if statutory immunity were available under the VHSPA, defendant did not meet the statutory requirements sufficient to be granted immunity. According to the statute, to qualify for the immunity granted, health services corporations are required to meet several criteria: (1) 30% of the trustees of the health plan corporation must be physicians licensed to practice in Illinois; (2) the plan must file a schedule of rates with the Illinois Director of Insurance for approval; and (3) the plan must maintain a not-for-profit status. (Ill. Rev. Stat. 1983, ch. 32, par. 601.) Plaintiff asserts that only 13% of defendant's 15-member board were licensed physicians in 1987; thus, she argues that defendant did not comply with the statute. Plaintiff cites *Brown v. Michael Reese Health Plan, Inc.* (1986), 150 Ill. App. 3d 959, 502 N.E.2d 433, *appeal denied* (1987), 114 Ill. 2d 543, 508 N.E.2d 725, for the proposition that defendant is not entitled to claim exemption where it failed to meet all of the statutory requirements.

In *Brown*, plaintiff challenged the grant of immunity provided in the statute as a violation of the equal protection clauses of both the Federal and Illinois Constitutions, and as a violation of the special legislation clause of the Illinois Constitution. In granting defendant's motion to dismiss, the court held that the unique organizational structure and regulation of the voluntary health services plans organizations provided a rational basis for providing it a grant of immunity from liability which is denied other health care providers. (*Brown*, 150 Ill. App. 3d at 961.) The court explained that the voluntary health services plan was distinguishable from other health care providers because "they serve[d] the unique function of both insurer and health care provider." (*Brown*, 150 Ill. App. 3d at 961.) However, the court in *Brown* did not determine whether the grant of immunity would be withdrawn if a health service provider failed to meet one of the statutory criteria.

■ The primary rule of statutory construction is to ascertain

and give effect to the intention of the legislature. (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 341, 504 N.E.2d 84.) Where that intent can be ascertained from the language alone, it will be given effect without resorting to other aids of construction. (*Peoples Gas Light & Coke Co. v. Illinois Commerce Comm'n* (1987), 165 Ill. App. 3d 235, 240, 520 N.E.2d 46.) Courts are not free to engraft conditions not within the purview of the statute. *Ralston v. Plogger* (1985), 132 Ill. App. 3d 90, 98, 476 N.E.2d 1378.

■ From our reading of the provisions of the Voluntary Health Services Plans Act, we believe that the legislature has clearly carved out a separate and distinct classification of health care providers. The language of the statutory grant of immunity prior to 1988 stated:

> "A health services plan corporation shall not be liable for injuries resulting from negligence, misfeasance, malfeasance, nonfeasance or malpractice on the part of any officer or employee of the corporation, or on the part of any person, organization, agency or corporation rendering health services to the health services plan corporation's subscribers or beneficiaries." Ill. Rev. Stat. 1983, ch. 32, par. 620.

Although plaintiff contends that defendant's failure to meet the statutory requirement that 30% of its board members be licensed physicians, we note that the Director of Insurance has the responsibility of regulating the health services plan organizations. The Director here determined that section 5 of the VHSPA was preempted by Federal law and, therefore, unenforceable. Plaintiff's sole authority in opposition to the Department of Insurance's determination is *Brown*. However, as stated earlier, that case was concerned solely with the constitutionality of section 26. We do not feel compelled to find that the Department's determination was incorrect in light of the regulatory power given it under the statute.

Plaintiff also alleges that defendant failed to comply with the statute by allowing Myles Standish, a physician's assistant, to provide primary care to decedent. Plaintiff alleges that Standish made diagnoses and prescribed drugs for decedent.

Plaintiff's claim here also is one of negligence. As already stated, defendant's status as a VHSPA corporation entitled it to exemption from liability for negligence. The evidence in the record does not support plaintiff's claim. The record establishes that the physician's assistant at all times relevant to the incident was supervised by a physician. The service that the assistant rendered to decedent was a physical examination in connection with decedent's

gastric distress, and treatment with an antacid. Further, the VHSPA permits treatment by a physician's assistant acting under professional supervision and does not limit the scope of the care which he may render. (Ill. Rev. Stat. 1987, ch. 32, par. 596(e).) Moreover, the physician's assistant held Federal and State licenses.

For the foregoing reasons, we cannot say that the trial court erred in determining that defendant was exempt from liability.

■■ Plaintiff finally argues that the statutory immunity granted defendant violates the special legislation and equal protection provisions of the Illinois Constitution.

We again point out that, in *Brown*, we upheld the constitutionality of the immunity granted VHSPA corporations. Further, in *Moshe*, the court noted that *"Brown* leaves no question about the legitimacy of the statutory immunity conferred upon all Health Plans Act corporations by section 26, prior to its recent amendment." *Moshe*, 199 Ill. App. 3d at 596.

Plaintiff cites *Jenkins v. Wu* (1984), 102 Ill. 2d 468, 468 N.E.2d 1162, for the proposition that the legislature may not arbitrarily or without a reasonable basis exercise police powers by granting certain rights to certain classifications of persons. It is clear from *Brown* and *Moshe* that the court's basis for excluding health services organizations incorporated under the VHSPA from malpractice liability was not arbitrary and without a reasonable basis. The court reasoned that health care providers organized under the VHSPA provide the unique roles of insurer and health care provider. Therefore, we hold that the statutory immunity granted defendant did not violate special legislation or the equal protection clause of the State Constitution.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.