# Illinois Official Reports

## Appellate Court

---

**Doe v. Catholic Bishop of Chicago, 2017 IL App (1st) 162388**

---

| | |
|---|---|
| Appellate Court Caption | JOHN DOE, Plaintiff-Appellee, v. THE CATHOLIC BISHOP OF CHICAGO and DANIEL McCORMACK, Defendants (The Catholic Bishop of Chicago, Defendant-Appellant). |
| | |
| District & No. | First District, First Division<br>Docket No. 1-16-2388 |
| | |
| Filed<br>Rehearing denied | July 17, 2017<br>August 18, 2017 |
| | |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2013-L-9901; the Hon. Clare E. McWilliams, Judge, presiding. |
| | |
| Judgment | Certified question answered. |
| | |
| Counsel on Appeal | Forde Law Offices LLP (Kevin M. Forde and Joanne R. Driscoll, of counsel), Patricia C. Bobb & Associates, P.C. (Patricia C. Bobb, of counsel), and Burke, Warren, MacKay & Serritella, P.C. (James C. Geoly, Susan M. Horner, Jay S. Dobrutsky, and Elizabeth M. Pall, of counsel), all of Chicago, for appellant.<br><br>Law Offices of Eugene K. Hollander (Eugene K. Hollander, Paul W. Ryan, and Jonathon L. Hoeven, of counsel), for appellee. |

Panel          JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Connors and Justice Simon concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiff John Doe filed a negligent employment claim against defendant, the Catholic Bishop of Chicago, alleging that Daniel McCormack, a former priest employed at St. Agatha's school, sexually molested him while plaintiff attended St. Agatha's. The trial court subsequently granted plaintiff leave to amend his complaint to add a claim for punitive damages.

¶ 2                                 JURISDICTION

¶ 3     The trial court certified, for permissive interlocutory review, the following question pursuant to Illinois Supreme Court Rule 308 (eff. Jan. 1, 2016): "Does a claim for punitive damages require proof of an employer's conscious disregard for an employee's 'particular unfitness' where the underlying claim is for negligent hiring, supervision, and retention of that employee?" which this court allowed.

¶ 4     Furthermore, in this permissive interlocutory appeal we decline to address any issues that were raised in the briefs outside of the certified question. See *McMichael v. Michael Reese Health Plan Foundation*, 259 Ill. App. 3d 113, 116 (1994) (since an appeal pursuant to Rule 308 is an exception to the general rule that a party can appeal only from final judgments, a permissive interlocutory appeal is strictly limited to the question certified by the trial court and "this court should not expand upon the question to answer other issues that might have been included").

¶ 5                                 BACKGROUND

¶ 6     In the underlying complaint, plaintiff alleged that McCormack sexually molested him when he was in the third grade at St. Agatha's school, an institution owned, operated, and maintained by defendant. Plaintiff also alleged that defendant was negligent in hiring, retaining, and supervising McCormack, and he sought punitive damages arguing that defendant "consciously disregarded the known risk McCormack posed to [plaintiff] and its parishioners." In support of his motion for punitive damages, plaintiff cited evidence showing that defendant (1) had knowledge of scandal and sexual misconduct involving their priests and minors, (2) failed to follow record-keeping policies adopted in response to the scandal, (3) knew of McCormack's misconduct while he was a seminary student at Niles College and Mundelein Seminary and failed to investigate, and (4) failed to investigate reports of McCormack's misconduct after he was ordained a priest and failed to report suspicious incidents involving McCormack and minors to the Department of Children and Family Services (DCFS).

¶ 7     The trial court granted plaintiff leave to add a claim for punitive damages to his complaint. The trial court disagreed with defendant's argument that, to claim punitive damages, plaintiff must show that defendant had actual knowledge of McCormack's "particular unfitness."

Rather, the trial court determined that the proper standard for submission of a claim for punitive damages in a negligent employment action is whether plaintiff "presented sufficient facts that would allow a jury to reasonably find that the defendants showed an utter indifference to the rights and safety of others in ordaining Defendant McCormack," and it found that plaintiff satisfied that standard. Defendant filed a motion to reconsider that the trial court denied. Upon defendant's motion, the trial court certified the question on appeal, which we answer in the negative.

¶ 8                                                    ANALYSIS

¶ 9        The certified question as written is quite broad so we look to the more specific arguments defendant makes in its briefs to consider the certified question. Essentially, the question asks whether plaintiff must show evidence that defendant knew of McCormack's propensity to sexually abuse children in order to claim punitive damages in a negligent employment complaint. Punitive damages "are not awarded as compensation, but serve instead to punish the offender and to deter that party and others from committing similar acts of wrongdoing in the future." *Loitz v. Remington Arms Co.*, 138 Ill. 2d 404, 414 (1990). Our supreme court described circumstances in which a punitive damages award is appropriate, such as "when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others." *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 186 (1978). However, " '[p]unitive damages are not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence.' " *Loitz*, 138 Ill. 2d at 415 (quoting Restatement (Second) of Torts § 908, cmt. b at 465 (1979)).

¶ 10       For complaints alleging negligence and involving personal injury, plaintiffs must demonstrate at a pretrial hearing that the evidence would support a punitive damages award before they may submit a claim for punitive damages. *Id.* at 417. In those cases, the trial court makes the initial determination whether punitive damages may be imposed. *Id.* at 414. While the question of whether punitive damages is appropriate in a particular case is a matter of law, whether defendant's conduct was sufficiently willful and wanton to support an award of punitive damages is generally a question of fact for the jury to decide. *Cirrincione v. Johnson*, 184 Ill. 2d 109, 116 (1998).

¶ 11       Plaintiff filed a complaint alleging negligent hiring or retention of an employee. In such an action, plaintiff must plead and prove "(1) that the employer knew or should have known that the employee had a particular unfitness for the position so as to create a danger of harm to third persons; (2) that such particular unfitness was known or should have been known at the time of the employee's hiring or retention; and (3) that this particular unfitness proximately caused the plaintiff's injury." *Van Horne v. Muller*, 185 Ill. 2d 299, 311 (1998). In this context, the "particular unfitness" of the employee "must have rendered the plaintiff's injury foreseeable to a person of ordinary prudence in the employer's position." *Id.* at 313. Defendant argues, however, that to support a claim for punitive damages, plaintiff here must go beyond the pleadings of a negligent employment tort and demonstrate defendant's conscious disregard or willful and wanton conduct by alleging that defendant had "actual knowledge" of McCormack's "propensity to sexually assault children."

¶ 12       We disagree. Our supreme court has discussed the difference between acts of ordinary negligence and the willful and wanton disregard for others' rights that is required to support an

award for punitive damages. In *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 274 (1994), the court acknowledged that our jurisprudence on the degree to which negligent acts are similar to willful and wanton conduct "has not been wholly consistent." While some cases have found that willful and wanton acts more resemble intentionally tortious conduct, other cases have determined that they are more similar to acts of ordinary negligence. *Id.* The court noted that the phrase " 'willful and wanton conduct' has developed in this State as a hybrid between acts considered negligent and behavior found to be intentionally tortious." *Id.* at 275. Since the type of fault associated with ordinary negligence and willful and wanton conduct "is a matter of degree, a hard and thin line definition should not be attempted." *Id.* As our supreme court reasoned, "[u]nder the facts of one case, willful and wanton misconduct may be only degrees more than ordinary negligence, while under the facts of another case, willful and wanton acts may be only degrees less than intentional wrongdoing." *Id.* at 275-76.

¶ 13    A defendant's knowledge of the surrounding circumstances, or utter indifference to or conscious disregard for the safety of others given that knowledge, are factors to consider when determining whether conduct amounts to willful and wanton misconduct. *Oelze v. Score Sports Venture, LLC*, 401 Ill. App. 3d 110, 122-23 (2010). Although defendant is correct that punitive damages require proof beyond that needed for a basic negligence claim, the same set of facts could support both a finding of negligence and an award for punitive damages. Plaintiff "may plead in alternative counts that certain conduct constitutes either negligence or willful and wanton misconduct." *Bryant v. Livigni*, 250 Ill. App. 3d 303, 312 (1993). Then, the question properly "becomes one for the jury to determine, whether the conduct amounted to simple negligence or rose to the level of willful and wanton misconduct." *Id.*; see also *Oelze*, 401 Ill. App. 3d at 123 ("[w]hether conduct amounts to willful and wanton negligence is generally a question of fact for the jury to determine"). At this point in the proceedings, for this court to essentially dictate what constitutes a showing of willful and wanton conduct, as defendant suggests, would infringe upon the jury's duty to make that finding after presentation of the evidence.

¶ 14    Simply put, the trial court may allow a claim for punitive damages if the evidence would reasonably support a finding that defendant acted "willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others." *Kelsay*, 74 Ill. 2d at 186; *Loitz*, 138 Ill. 2d at 415. The trial court found that plaintiff here "presented sufficient facts that would allow a jury to reasonably find that the defendants showed an utter indifference to the rights and safety of others in" hiring, supervising, and retaining McCormack and therefore allowed plaintiff to submit a punitive damages claim. The trial court used the appropriate standard.

¶ 15    For the foregoing reasons, we answer the certified question in the negative to the extent that it requires evidence of defendant's actual knowledge of McCormack's propensity to sexually abuse children to support plaintiff's claim for punitive damages.

¶ 16    Certified question answered.